IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JACOB LADNER                                                    PLAINTIFF

v.                                        CAUSE NO. 1:16CV197-LG-RHW

GEICO INDEMNITY COMPANY                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Partial Summary Judgment [29] filed by the defendant Geico Indemnity Company. Geico argues that the plaintiff Jacob Ladner's bad faith breach of contract claim and his demand for punitive damages should be dismissed with prejudice. Ladner has not filed a response in opposition to the Motion. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion for Partial Summary Judgment should be granted.

## FACTS

On July 21, 2013, Ladner was driving south on Mississippi 609 when his vehicle was struck by a vehicle driven by Pamela Novak. (1st Am. Compl. at 2, ECF No. 13). Ladner claims that Novak caused the accident when she failed to yield the right of way. (*Id.*) He further asserts that Novak was an uninsured motorist. (*Id.*)

Ladner was listed as an additional driver on an automobile insurance policy issued to his parents, Tracy H. and Nicholas J. Ladner, by Geico Indemnity Company for the period April 22, 2013, through October 22, 2013. (Def.'s Mot., Ex.

A, ECF No. 29-1).  The policy, which insured four vehicles, provided $5000 in medical payments coverage and $100,000 per person/ $300,000 per accident uninsured motorists bodily injury coverage.  (*Id.*)

During a deposition, Ladner testified that he suffered neck and back pain after the accident, as well as scratches and scrapes on his foot and ankles and a rash on his neck.  (Def.'s Mot., Ex. C at 17, ECF No. 29-3).  He initially requested medical payments coverage under the Geico policy, but in May of 2015, after it became apparent that Novak was uninsured, Ladner filed an uninsured motorists bodily injury claim.  (Def.'s Mot., Ex. B at 20, ECF No. 29-2).  Geico paid Ladner $4185.50 for the injuries he suffered.  (Def.'s Mot., Ex. D, ECF No. 29-4).  The claim records produced by Geico reveal that Ladner, by and through counsel, demanded $40,000 during settlement discussions, and Geico offered $5300, because it felt that some of the medical bills submitted were not related to the accident.  (Def.'s Mot., Ex. G, H, ECF No. 29-7).

On April 22, 2016, Ladner filed the present lawsuit against Geico seeking coverage for injuries he claimed he suffered in the accident.  (Compl., ECF No. 1-2).  Ladner later filed an amended complaint in which he alleged that Geico "failed to reasonably and promptly adjust the claim."  (1st Am. Compl. at 6).  Ladner attempted to assert the following claims against Geico: breach of contract, negligence, gross negligence, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and bad faith.  (*Id.* at 4-9).  In support of his bad faith claim, Ladner alleges:

-2-

> By refusing to provide benefits of coverage and payment of valid claims under the subject policy or policies, Defendant [Geico] acted fraudulently, oppressively, maliciously, and outrageously toward the Plaintiff with conscious disregard for his rights under the law and under the subject policy or policies, and with the intent and design of benefiting [Geico] financially, of harassing Plaintiff, of avoiding the payment of amounts due for the valid claim of Plaintiff, and of causing or willfully disregarding the probability of causing severe emotional distress to the Plaintiff.  [Geico] has also refused to timely communicate with Plaintiff as to the status of the evaluation of Plaintiff's claim, and fail[ed] to pay policy limits after promising to do so.

(*Id.* at 9).  He seeks compensatory, extra-contractual, and punitive damages.  (*Id.* at 13-14).

Geico has filed the present Motion for Partial Summary Judgment, alleging that Ladner's bad faith claim and demand for punitive damages should be dismissed with prejudice.  For the purposes of its Motion, Geico does not dispute that Novak was an uninsured motorist or Ladner's assertion that Novak caused the accident that injured him.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim.  Fed. R. Civ. P. 56.  The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id.* at 324-25.  The non-movant may not rest upon

mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

As noted above, Ladner did not file a response to Geico's Motion.  A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule.  Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.  *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

"Mississippi law imposes on insurers 'a duty to perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation,' and insurers 'may be liable for punitive damages for denying a claim in bad faith.'"  *Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 633 (5th Cir. 2015) (quoting *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 627 (5th Cir. 2008)).  "In order to succeed on a bad faith claim, a claimant 'must show that [the insurer] denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights.'"  *Id.* (quoting *Hoover v. United Servs. Auto Ass'n*, 125 So. 3d 636, 643 (Miss. 2013)).

An "arguable basis" is "nothing more than an expression indicating the act or acts of the alleged tortfeasor do not rise to heightened level of an independent tort." *Univ. Life Ins. Co. v. Veasley*, 610 So. 2d 290, 293 (Miss. 1992).  Pocketbook disputes between an insurer and an insured as to the value of a claim generally do not rise to the level of an independent tort.  *Dey*, 789 F.3d at 634 (citing *Cossitt v. Alfa Ins. Corp.*, 726 So. 2d 132, 138-39 (¶¶32, 35) (Miss. 1998)).  "[T]he Mississippi Supreme Court has been extremely reluctant to allow punitive damages in cases where the insurer did not deny coverage, but only disputed the amount of the claim or delayed payment."  *Tutor v. Ranger Ins. Co.*, 804 F.2d 1395 (5th Cir. 1986).

In the present case, Geico's adjusters made numerous calls to Ladner and, later, to his attorney in an attempt to obtain his medical records and bills.  (Def.'s Mot., Ex. B, ECF No. 29-2).  The record further reveals that Geico paid $4185.50 in medical bills on behalf of Ladner, but a dispute arose between Ladner and Geico as to whether physical therapy he received starting in September 2015 was related to the accident at issue.  (Def.'s Mot., Ex. B at 1, ECF No. 29-2; Def.'s Mot., Ex. D, ECF No. 29-4; Def.'s Mot., Ex. C at 26, ECF No. 29-3).  Geico notes that Ladner did not receive any physical therapy between June 2014 and September 2015, and the physical therapist that treated Ladner after this gap told him that he "needed to fix [his] posture." (Def.'s Mot., Ex. C at 26, 50, ECF No. 29-3).  Furthermore, Geico argues that Ladner has not designated a physician who will testify that the most recent physical therapy treatment was related to the accident.  Ladner has not responded to Geico's Motion, and thus, he has not disputed any of Geico's

arguments or presented any evidence that conflicts with the evidence provided by Geico.  He also has not provided any support for the allegations in his complaint that Geico harassed him.

The record clearly demonstrates that Geico never denied Ladner's claim and that the parties merely disputed the value of Ladner's claim.  Geico has provided evidence that it had a legitimate, arguable basis for its position.  Furthermore, there is no evidence of malice or conduct on the part of Geico that would warrant an award of punitive damages for bad faith.  In fact, the claim notes display Geico's diligence in investigating and adjusting Ladner's claim.  As a result, Geico is entitled to summary judgment as to Ladner's bad faith claim and his demand for punitive damages.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment [29] filed by the defendant Geico Indemnity Company is **GRANTED**.  Jacob Ladner's claim for bad faith breach of contract and his demand for punitive damages are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 27th day of February, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE